# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JIMMY T. HUNT, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-107 |
| | ) | |
| INDIANA ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the Court to review a habeas corpus petition, and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

BACKGROUND

Petitioner Jimmy Hunt, a prisoner confined at the Herlong Federal Correctional Institution, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction in the St. Joseph Superior Court for possession of

cocaine or a narcotic drug, for which he received an eighteen month sentence.

DISCUSSION

Pursuant to 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus shall not be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the state's highest court where that review is normal, simple, and an established part of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

Hunt states in his petition that he did not appeal his conviction (DE 1 at 2) and that he did not present the claims he is asking this court to review to the state courts in a petition for post-conviction relief. (*Id.* at 3). He explicitly states "This is the first motion and or petition I've ever filed." (*Id* at 5).

Because this Petitioner has not presented his claims to the Indiana Court of Appeals or to the Indiana Supreme Court he has not exhausted his state court remedies.

CONCLUSION

For the reasons stated in this order, the court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

DATED: June 21, 2010             /S/RUDY LOZANO, Judge
                                 **United States District Court**